Yunga-Mera v. Garland

BIA
Vomacka, IJ
A206 451 010

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-two.

PRESENT:
>        DENNY CHIN,
>        JOSEPH F. BIANCO,
>        STEVEN J. MENASHI,
>            *Circuit Judges.*

────────────────────────────────

FERNANDO YUNGA-MERA,
>        *Petitioner*,

>    v.                                          20-1657
>                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent*.

────────────────────────────────

FOR PETITIONER:          Michael Borja, Esq., Borja Law
                         Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General;
                         Melissa Neiman-Kelting, Assistant
                         Director; Jessica A. Dawgert,
                         Senior Litigation Counsel, Office
                         of Immigration Litigation, United

States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fernando Yunga-Mera, a native and citizen of Ecuador, seeks review of a May 19, 2020 decision of the BIA affirming a July 5, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fernando Yunga-Mera*, No. A206 451 010 (B.I.A. May 19, 2020), *aff'g* No. A206 451 010 (Immigr. Ct. N.Y.C. July 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("We review factual findings under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. Questions of law, as

2

well as the application of legal principles to undisputed facts, are reviewed *de novo*." (internal quotation marks and citation omitted)).

As an initial matter, we do not consider the agency's denial of asylum because Yunga-Mera abandons any challenge to the denial of that form of relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (stating that petitioner abandons issues and claims not raised in his brief). As discussed below, Yunga-Mera has not established error in the agency's denial of withholding of removal and CAT relief.

To establish eligibility for withholding of removal, Yunga-Mera was required to establish past persecution or a likelihood of future persecution "because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). To demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, the applicant must show, "through direct or circumstantial evidence, that the persecutor's motive to persecute arises from" his or her perception of the applicant's opinion, rather than merely from his or her own

3

opinion. *See Yueqing Zhang*, 426 F.3d at 545. Although retaliation for an applicant's opposition to endemic government corruption may constitute persecution on account of a political opinion, a persecutor's suppression of an applicant's "challenge to isolated, aberrational acts of greed or malfeasance" does not. *Id.* at 546-48. The agency did not err in concluding that Yunga-Mera failed to establish that members of the controlling political party in Ecuador harmed him or would target him in the future on account of his political opinion. Yunga-Mera did not testify to any facts from which one could infer that the party members sought kickbacks and attacked him for opposing corruption, rather than for their own greed. *See id.* at 548; *see also INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (holding that the applicant "must provide *some* evidence of [the persecutors' motives], direct or circumstantial" (emphasis in the original)).

Yunga-Mera also did not establish that he was targeted as a member of a cognizable social group. To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within

4

the society in question." *Paloka*, 762 F.3d at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007). A common immutable characteristic is one that members of the group "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Ucelo-Gomez*, 509 F.3d at 72-73 (quotation marks omitted). Yunga-Mera did not define a social group before the IJ, but, nevertheless, the IJ considered whether a social group of government contractors was cognizable and reasonably concluded that it was not, given that employment as a government contractor is not an immutable characteristic. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 237; *see also Ucelo-Gomez*, 509 F.3d at 72-73.

Yunga-Mera did not challenge the IJ's ruling on this point on appeal to the BIA, but rather defined his social group for the first time as "those who reject political recruitment." Petitioner's Brief at 4. As an appellate body, the BIA was not required to consider this social group claim, and it did not do so. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised

5

before an IJ."). Therefore, our review is "limited to whether the BIA erred" in refusing to address that new claim. *Id.* at 555-56. The BIA decisions Yunga-Mera cites for his newly defined social group were decided well before his appearance before the IJ. *See* Petitioner's Brief at 6-7. Accordingly, the BIA did not err in declining to address his social group claim. *See Prabhudial*, 780 F.3d at 556. In any event, Yunga-Mera did not show his membership in such a group because he did not testify that he was targeted for recruitment. *See* 8 U.S.C. § 1231(b)(3)(A).

Unlike withholding of removal, CAT relief does not require a nexus to protected grounds. *See* 8 C.F.R. §§ 1208.16(c), 1208.17. To be eligible for CAT relief, an applicant is required to show that he would more likely than not be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a); *Khouzam v. Ashcroft*, 361 F.3d 161, 168, 170-71 (2d Cir. 2004).

The agency reasonably found that Yunga-Mera failed to show a likelihood of torture because he did not testify that the party members who harmed him would target him in the future unless he decided to work for them again, or allege that he would be required to work pursuant to a government

6

contract, or that anyone else was interested in harming him. *See* 8 C.F.R. § 1208.16(c) ("The burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court